## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **ACE AMERICAN INSURANCE COMPANY as assignee of Walsh Construction Company II, LLC, and Alberici Constructors, Inc. d/b/a Walsh Alberici Joint Venture (a/k/a Walsh/Alberici Joint Venture and Walsh II/Alberici JV),** | ) ) ) ) ) ) ) ) ) |  |
| **Plaintiff,** | ) ) |  |
| **vs.** | ) ) | **Case No. 4:20-CV-1347** |
| **AERCO INTERNATIONAL, INC., and BLACKMORE AND GLUNT, INC.,** | ) ) ) | **JURY TRIAL DEMANDED** |
| **Defendants.** | ) ) ) |  |

# COMPLAINT

COMES NOW Plaintiff, ACE American Insurance Company ("**ACE**" or "**Plaintiff**"), by and through its attorneys, Matthew G. Koehler and Brown & James, P.C., and for its *Complaint* against Defendants AERCO International, Inc. and Blackmore and Glunt, Inc., states:

## PARTIES

1.      ACE, proceeding as assignee of Walsh Construction Company II, LLC and Alberici Constructors, Inc. d/b/a Walsh Alberici Joint Venture (a/k/a Walsh/Alberici Joint Venture and Walsh II/Alberici JV), is a Pennsylvania corporation that maintains its principal place of business at 436 Walnut Street, Philadelphia, Pennsylvania.

2.      Defendant AERCO International, Inc. ("**AERCO**") is a New Jersey corporation that maintains its principal place of business at 100 Oritani Drive, Blauvelt, New York.

3.      Defendant Blackmore and Glunt, Inc. ("**Blackmore and Glunt**") is a Missouri corporation that maintains its principal place of business at 12 Kilmer Drive, Maryland Heights, Missouri.

## JURISDICTION AND VENUE

4.      The Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the Plaintiff and both Defendants are citizens of different States, and the amount in controversy exceeds $75,000.00.

5.      The Court has jurisdiction over defendant AERCO because it regularly conducts business in Missouri, solicits and targets Missouri residents, distributes its products into Missouri, and the incident at issue arose from its contacts within this jurisdiction.

6.      The Court has jurisdiction over defendant Blackmore and Glunt because it is a Missouri corporation with a principal place of business in Missouri, it regularly conducts business in Missouri and the incident at issue arose from its contacts within this jurisdiction.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 and E.D. Mo. L.R. 3-207(B), because the incident at issue occurred in St. Louis.

## FACTS

8.      The United States Department of Veterans' Affairs owns and operates the Jefferson Barracks Division veteran's facility at 1 Jefferson Barracks Drive, St. Louis, Missouri.

9.      Walsh Construction Company II, LLC and Alberici Constructors, Inc. entered into a joint venture agreement wherein the parties agreed to operate as the "*Walsh Alberici Joint Venture*" ("**Walsh Alberici JV**") to, among other things, submit bids to the Department of Veterans' Affairs for the construction of certain facilities at the Jefferson Barracks complex, including a health clinic.

24312914.1

10.     The Department of Veterans' Affairs awarded the Walsh Alberici JV a contract to construct a medical clinic at the complex.

11.     Defendant AERCO designs, manufactures, and distributes hot water heating equipment, including the Model B+II WaterWizard advertised as the company's "most popular steam-to-water package."

12.     Defendant Blackmore and Glunt distributes, and provides start-up services for, AERCO equipment including the Model B+II WaterWizard steam to water heater package.

13.     Blackmore and Glunt delivered two AERCO Model B+II WaterWizard water heaters to the medical clinic for installation.

14.     DeLuca Plumbing, LLC installed the AERCO Model B+II WaterWizard hot water heaters in the medical clinic.

15.     Blackmore and Glunt's agent, servant, and/or employee, Dennis Hischke ("**Hischke**"), inspected and started-up the two AERCO Model B+II WaterWizard hot water heaters on or about March 9, 2018.

16.     Hischke completed a standard AERCO "*INDIRECT FIRED EQUIPMENT INSTALLATION FORM*" on March 19, 2018, representing, among other things, that:

a.      the relief valves for both units were piped to drains or within 12 inches of the floor;

b.      the drains were piped to the floor or a drain;

c.      the hot water heaters were installed in accordance with AERCO guidelines and industry best practices;

d.      there were no conflicts between the installation and the engineer's specification or design plans; and

24312914.1

e.     there were no conflicts or physical restrictions that would prevent the boiler

plant from receiving proper preventative maintenance.

17.     The AERCO B+II WaterWizard hot water heaters used two overt temperature relief

mechanisms – solenoid control valves and mechanical valves.

18.     The water outlet temperature set point for the hot water heaters was 145 degrees

Fahrenheit.

19.     The solenoid control valves were programmed to open at 170 degrees Fahrenheit.

20.     As designed and intended, when a solenoid valve sensed an over temperature

condition, the system diverted power from the steam valve actuator to the solenoid control valve.

By doing so, steam no longer entered the heater and the open relief valve allowed the temperature

inside the unit to decrease.

21.     AERCO designed the manual relief valves to open at 210 degrees Fahrenheit or

150 pounds per square inch of pressure.

22.     On Saturday, June 16, 2018, at approximately 2:00 p.m., Walsh Alberici JV project

manager Todd Burdett ("**Burdett**") received a call advising him that it was raining inside the clinic.

Burdett immediately went to the site and upon entering the building, saw water throughout the first

and second floors.

23.     Burdett made his way to the second floor mechanical room and observed that an

electronically controlled relief valve was discharging hot water.  He immediately shut off the water

supply to prevent further damage.

24.     The water and steam from the discharge caused substantial damage to the property.

25.     AERCO and Blackmore and Glunt received prompt notice of the water heater

malfunction and resulting damage.

24312914.1

26.     AERCO and Blackmore and Glunt agreed to provide a replacement controller for the hot water heater.  Hischke installed the new controller on September 12, 2018.  He started the hot water heater after installation.  The actuator, however, automatically opened the relief valve causing a water discharge.  When Hischke attempted to correct that problem, the controller would not open the steam actuator valve.  Hischke then took the hot water heater out of service.

27.     AERCO and Blackmore and Glunt agreed to provide a second replacement controller.  Hischke installed the new controller, along with a new temperature sensor, on September 27, 2018.

28.     Hischke started the hot water heater with the third controller believing he had corrected the problem.

29.     On October 5, 2018, at approximately 7:00 a.m., the AERCO B+II WaterWizard hot water heater again malfunctioned and began discharging water from a relief valve.

30.      Following the October 5, 2018, incident, AERCO and Blackmore and Glunt realized that the B+II WaterWizard hot water heater was defective and agreed to replace the entire product under warranty.  The replacement work occurred on October 22, 2018.  The Walsh Alberici JV did not experience any problems with the new B+II WaterWizard hot water heater after replacement.

31.     At all times material hereto, AERCO and Blackmore and Glunt acted through their agents, servants, and/or employees, all of whom were acting within the course and scope of their employment.

32.     ACE provided certain insurance coverage to the Walsh Alberici JV, including builders risk protection.

24312914.1

33.     The Walsh Alberici JV submitted a claim to ACE for its losses arising from the June 16, 2018 incident.  ACE adjusted the claim and paid its insured $3,999,770.92.

34.     The Walsh Alberici JV and its member entities assigned their rights against third parties to ACE.

35.     ACE is equitably and/or contractually subrogated, to the extent of its payments, to the rights and claims the Walsh Alberici JV and/or its member entities have against the third parties responsible for causing the loss, the defendants in this litigation.

36.     In addition to the subrogated amount of its payment, ACE, as assignee, seeks to recover $293,120.44 of the Walsh Alberici JV's uninsured losses in this litigation.

## COUNT I – PRODUCT LIABILITY

37.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth herein at length.

38.     AERCO and Blackmore and Glunt designed, manufactured, assembled, distributed, sold, and/or placed into the stream of commerce the B+II WaterWizard hot water heater installed in the medical clinic.

39.     AERCO and Blackmore and Glunt had a duty not to design, manufacturer, assemble, distribute, sell and/or place into the stream of commerce the B+II WaterWizard hot water heater in a defective condition, unreasonably dangerous to the user or consumer.

40.     The B+II WaterWizard hot water heater was in a defective condition, unreasonably dangerous to the user or consumer.

41.     The B+II WaterWizard hot water heater was defective and dangerous when it entered the stream of commerce.

24312914.1

42.     The B+II WaterWizard hot water heater was being utilized for a reasonably anticipated purpose at the time of the failure and at all times since it left AERCO's and Blackmore and Glunt's control.

43.     A defect in the B+II WaterWizard hot water heater was a direct and proximate cause of the water discharge and subsequent losses.

WHEREFORE, Plaintiff requests judgment against the Defendants AERCO International, Inc. and Blackmore and Glunt, Inc., in the amount of $4,292,891.36, together with pre-judgment interest, costs, and such other relief that the Court deems equitable and just.

## COUNT II – NEGLIGENCE

44.     Plaintiff incorporates the allegations contained in Paragraphs 1 – 35 as if set forth herein at length.

45.     AERCO and Blackmore and Glunt designed, manufactured, assembled, distributed, sold, inspected, started up, and/or placed into the stream of commerce a defective B+II WaterWizard hot water heater.

46.     AERCO and Blackmore and Glunt owed a duty to exercise due and reasonable care in designing, manufacturing, assembling, distributing, selling, inspecting, and starting up the B+II WaterWizard hot water heater.

47.     AERCO and Blackmore and Glunt knew or should have known about the defect in the B+II WaterWizard hot water heater.

48.     Blackmore and Glunt knew or should have known that its inspection and startup of the hot water heater was improperly performed because:

a.      the relief valves for the unit at issue were not piped to the drain or within 12 inches of the floor;

b.      the drain was not piped to the floor or a drain;

c.      the hot water heater were not installed in accordance with AERCO guidelines and industry best practices;

d.      there were conflicts between the actual installation and the engineer's specification or design plans; and

e.      there were conflicts or physical restrictions that would prevent the boiler plant from receiving proper preventative maintenance.

49.      AERCO and Blackmore and Glunt breached their duty(ies) of care in one or more of the following ways:

a.      failing to properly design and manufacture the hot water heater;

b.      failing to properly inspect and test the water heater;

c.      failing to use proper materials;

d.      failing to properly assemble the water heater;

e.      failing to act as a reasonably prudent manufacturing and distribution company under the circumstances;

f.      distributing and/or selling a product that was in a dangerous condition;

g.      improperly certifying the hot water heater for use;

h.      misrepresenting the condition of the hot water heater during the inspection and start up process;

i.      failing to comply with all applicable statutes, codes, regulations, and generally recognized production principles and standards; and

j.      failing to otherwise use due and reasonable care under the circumstances;

24312914.1

50.     It was foreseeable that if AERCO and/or Blackmore and Glunt breached their duty(ies) of care with respect to designing, manufacturing, assembling, distributing, selling, inspecting, and starting up the B+II WaterWizard hot water heater, that the breach would damage the property of the user and/or consumer.

51.     AERCO's and Blackmore and Glunt's breach of duty was a direct and proximate cause of the hot water heater failure and resulting damage.

WHEREFORE, Plaintiff requests judgment against the Defendants AERCO International, Inc. and Blackmore and Glunt, Inc., in the amount of $4,292,891.36, together with pre-judgment interest, costs, and such other relief that the Court deems equitable and just.

## COUNT III – BREACH OF WARRANTY

52.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length.

53.     AERCO and Blackmore and Glunt knew or should have known that the B+II WaterWizard hot water heater would be utilized in a commercial property.

54.     AERCO and Blackmore and Glunt expressly and/or impliedly warranted that the hot water heater was reasonably fit for its intended use and that it would perform its intended function in a good and workmanlike manner.

55.     AERCO and Blackmore and Glunt breached the above referenced warranties by designing, manufacturing, assembling, distributing, and/or selling a B+II WaterWizard water heater that was defective and not reasonably fit for its intended purpose.

56.     AERCO's and Blackmore and Glunt's conduct was a direct and proximate cause of the water loss and resulting damage.

24312914.1

WHEREFORE, Plaintiff requests judgment against the Defendants AERCO International, Inc. and Blackmore and Glunt, Inc., in the amount of $4,292,891.36, together with pre-judgment interest, costs, and such other relief that the Court deems equitable and just.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Respectfully submitted,

BROWN & JAMES, P.C.

By:   /s/ Matthew G. Koehler

Matthew G. Koehler, MO 48760
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
Phone: (314) 421-3400
Fax:  (314) 421-3128
mkoehler@bjpc.com
*Attorneys for Plaintiff ACE American
Insurance Company*

24312914.1