UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-01347-JAR |
| | ) | |
| AERCO INTERNATIONAL, INC., and | ) | |
| BLACKMORE AND GLUNT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Blackmore & Glunt, Inc.'s ("B&G") Motion for Leave to File Third-Party Complaint. (Doc. 49). This case concerns flooding at the Jefferson Barracks allegedly caused by defective water heaters manufactured by Defendant AERCO International, Inc. ("AERCO") and delivered by B&G. (Doc. 43 at 1-2). Plaintiff ACE American Insurance Company, as insurer and assignee of a joint venture which was awarded the contract to construct a medical clinic at Jefferson Barracks, filed this action on September 25, 2020 seeking to recover losses paid out as a result of the flooding. (Doc. 1).

Fed. R. Civ. P. 14(a)(1) permits a defendant to serve a third-party complaint against any nonparty who may be liable for all or part of the claims against the defendant. The purpose of Rule 14 "is to promote judicial economy by eliminating the necessity for the defendant to bring a separate cause of action against a third party for contribution." *Univ. of Cent. Mo. v. Pro. Golfers' Ass'n of America*, No. 10-00101-CV-W-GAF, 2011 WL 13290646, at *2 (W.D. Mo. Aug. 25, 2011) (citation omitted). Courts frequently look to the liberal standards for granting leave to amend under Fed. R. Civ. P. 15 when considering motions for leave to file a third-party complaint. *See Am. Home Assur. Co. v. Greater Omaha Packing Co.*, No. 8:11-CV-270, 2013

WL 1502238, at *1 (D. Neb. Apr. 11, 2013) (citation omitted). This Court has "considerable discretion in deciding whether to permit a third-party complaint." *Clearwater Ins. Co. v. Doe Run Res. Corp.*, No. 4:16-CV-195 HEA, 2019 WL 1876969, at *1 (E.D. Mo. Apr. 26, 2019) (citation omitted); *see also Agrashell, Inc. v. Hammons Prods. Co.*, 352 F.2d 443, 448 (8th Cir. 1965) ("Where leave to bring in additional parties is requested, discretion rests in the trial court to determine whether relief should be granted.").

B&G, having experienced a change in counsel and reviewed documents produced in discovery, now seeks leave to file a Third-Party Complaint for contribution against DeLuca Plumbing, LLC, Christner, Inc., and IMEG Corp. (formerly KJWW Engineering Consultants). (Doc. 49). B&G acknowledges that the deadline for joinder of parties under the Amended Case Management Order (Doc. 44) has expired but contends that granting the instant motion will promote judicial economy, especially considering written discovery remains in progress and no depositions have been taken. (*Id.* at ¶¶ 6-7). There is no evidence to suggest that B&G has acted in bad faith or that its claim for contribution is futile. *See U.S. ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006) (noting leave to amend may be denied for undue delay, bad faith, futility, or unfair prejudice). The Court notes that no current party to the case has filed any objection or response to B&G's motion, and the deadline for doing so has passed. After due consideration, the Court finds that B&G has demonstrated good cause for filing its third-party complaint and leave should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that B&G's Motion for Leave to File Third-Party Complaint (Doc. 49) is **GRANTED**, and the proposed Third-Party Complaint (Doc. 49-1) shall be separately docketed.

**IT IS FURTHER ORDERED** that, no later than **December 30, 2021**, the parties shall file any joint motion to amend the Amended Case Management Order (Doc. 44) in light of B&G's Third-Party Complaint.

Dated this 30th day of November, 2021.

                                            */s/ John A. Ross*
                                            JOHN A. ROSS
                                            UNITED STATES DISTRICT JUDGE